WHISEN (SWIFT v.). See Case No. 13,700.

WHISKEY (UNITED STATES v.). See Case No. 16,671.

WHISTLER, The (KEENE v.). See Case No. 7,645.

## Case No. 17,523.

### WHISTON v. SMITH et al.

[2 Lowell, 101.][1]

District Court, D. Massachusetts. Jan., 1872.

CONTRACTS—EQUITABLE REMEDIES—BANKRUPTCY—ADVANCES FOR FEES—LIEN—MORTGAGE.

1. In equity, the court may give effect, upon equitable terms, to the valid part of a contract which is fraudulent in part.
[Cited in Hutchinson v. Murchie, 74 Me. 190.]

2. This doctrine applied to a mortgage which was, in part, a preference.

3. A person who advances his own money for the fees in bankruptcy has a first lien on the assets for its repayment. A mortgage to secure the advance gives no additional security, and is useless.

Bill in equity by [F. G. Whiston], the assignee of one Gray, to set aside two mortgages on the whole stock of goods of the bankrupt as preferences. One of the mortgages was given to A. E. Smith to secure an

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

[2] [From 12 Int. Rev. Rec. 98.]

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

[2] [From 12 Int. Rev. Rec. 98.]

old debt of $1,200 and a new advance of $300. Smith already held a mortgage on the same stock for the old debt, but it was given within four months of the bankruptcy, and was not of importance, except as it might bear upon intent. The security to Payne, the other defendant, was given to indemnify him for advancing the fees in bankruptcy, and was so expressed.

J. O. Teele, for plaintiff.
J. D. Thomson, for defendants.

LOWELL, District Judge. Mr. Smith was a partner with the bankrupt, and left in the business $1,000, because it would destroy the business to withdraw it. All the evidence shows that Gray was insolvent, and that Smith must have known it. Indeed, a creditor who takes security upon the whole stock of a trader for an antecedent debt has never yet succeeded, in any case within my knowledge, in explaining the transaction, excepting by evidence of the actual solvency of the trader at the time; such a mortgage is taken at the risk of bankruptcy occurring within four months A nice question is, whether the mortgage ought to stand as valid for the $300. In Denny v. Dana, 2 Cush. 160, a mortgage bad in part, because given by way of preference, was held to be wholly void. And it has been held that where an old mortgage was cancelled, and a new one taken, which was partly on newly acquired property, and was void for preference, the mortgagee could hold under neither. Paine v. Waite, 11 Gray, 190. These were cases at law. The rule in equity is very different. In that jurisdiction one may always hold by his best title, and a cancelled security which was valid will not be merged in a new one which is void. There are many decisions that, in the absence of a fraud in fact, participated in by the holder, a security may stand good for part and be rejected for the remainder. See, per Swayne, J., Clements v. Moore, 6 Wall. [73 U. S.] 299, 312, and the cases there cited; and Herschfeldt v. George, 6 Mich. 456; Bullett v. Worthington, 3 Md. Ch. 99, affirmed 6 Md. 172; Boyd v. Dunlap, 1 Johns. Ch. 478; Bean v. Smith [Case No. 1,174].

This is a case for the application of that practice; for the evidence is that the new mortgage was taken as a matter of convenience, and the transaction, though a preference as to the old debt, under the decisions, was not fraudulent in the usual sense of that term. The mortgage may, therefore, stand as security for the advance of $300.

The mortgage to Payne was unnecessary, because a person who in fact advances his own money for the fees in bankruptcy has a first lien on the assets for its repayment. Payne's mortgage is of no use to him, and whether it should be affirmed or annulled, he has a right to receive back his lawful advances.

Decree that the mortgage to the defendant

Smith is a valid security for the $300 advanced October, 1871, and interest, and invalid as to all other sums purporting to be secured by it; that Payne has a right to be reimbursed out of the assets any sums he may have advanced, for proper fees in bankruptcy; that the assignee have power to sell the mortgaged property, free of the incumbrance of the mortgages, and that he pay into court for the use of the defendants the sums so due to them respectively, and keep the remainder as assets in the bankruptcy. If there should be any dispute as to the amounts, they can be settled before the final draft of the decree.